IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR EARL HALCOMB, #673147,[1] | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1992-P |
| | ) | |
| STATE OF TEXAS, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a civil action brought by a state inmate.

    Parties:  Petitioner is presently confined at the Boyd Unit of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID) in Teague, Texas. Respondent is the State of Texas.  The Court has not issued process in this case, pending preliminary screening

    Statement of Case:  Petitioner requests a federal investigation of his 1994 murder

---

[1] Petitioner signed the pleadings in this case a "Auther Earl Halcomb" instead of "Arthur Earl Halcomb," the name reflected on the docket sheet.  A search of the U.S. Party/Case Index reflects that Petitioner previously filed cases in this court under both names.  See No. 3:00cv2019 (petition for writ of mandamus filed under the name of Auther Halcomb), and Nos. 3:96cv2656 and 3:02cv0101 (habeas corpus petitions filed under the name of Arthur Earl Halcomb).  His prisoner number is the same under both names.

conviction for which he was sentenced to thirty years imprisonment in Criminal District Court Number 4 of Dallas County, Texas, in Cause No. F93-68288.  He previously filed two federal habeas actions in this court.  The first one filed in 1996, <u>see</u> No. 3:96cv2656, was denied.  The second one filed in 2002, <u>see</u> No. 3:02cv0101, was dismissed as time barred.  (<u>See</u> recommendation attached to U.S. Party Case Index).  Petitioner also previously filed five state habeas applications, which have all been dismissed as an abuse of the writ except for the first one.  <u>See</u> <u>Ex parte Auther Earl Halcomb</u>, No. WR-31,229-01 through 05.

    <u>Findings and Conclusions</u>:  Petitioner has submitted a $5.00 filing fee for this action.  Because the petition for writ of mandamus stems from a criminal proceeding, this action is not subject to the fee payment requirements under the Prison Litigation Reform Act (PLRA).  <u>See</u> <u>In re Stone</u>, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of application for post-conviction relief was not subject to PLRA fee payment requirements).  It is, however, subject to preliminary screening under 28 U.S.C. § 1915A.  <u>See</u> <u>Martin v. Scott</u>, 156 F.3d 578 (5th Cir. 1998), <u>cert. denied</u>, 527 U.S. 1041 (1999) (the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*).  Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).

Section 1915A(b) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

Petitioner request a federal investigation of his 1994 murder conviction. This court lacks the authority to order a federal investigation over a state criminal conviction. Insofar as Petitioner requests this court to order state officers to investigate his state murder conviction, his claim fares no better. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973); see also Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997).

Liberally construing the petition for writ of mandamus to seek federal habeas relief under 28 U.S.C. § 2254, the same should be dismissed as second or successive. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps, 127 F.3d at 364 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of mandamus be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

Alternatively the mandamus petition, construed as a petition for writ of habeas corpus, should be dismissed as second or successive under 28 U.S.C. § 2244(b)(3)(A).

A copy of this recommendation will be mailed to Petitioner Arthur or Auther Earl Holcomb, #673147, TDCJ-CID, Boyd Unit, Rt 2 Box 500, Teague, Texas 75860-9802.

Signed this 18th day of October, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.